**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EMMA H. O/B/O A.L.M., A MINOR, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 18-CV-660-JFJ** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Emma H. ("Plaintiff"), on behalf of the minor child, A.L.M. ("Claimant"), seeks

judicial review of the decision of the Commissioner of the Social Security Administration finding

that Claimant is not disabled.  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have

consented to proceed before a United States Magistrate Judge.  For reasons explained below, the

Court **REVERSES and REMANDS** the Commissioner's decision denying benefits.  Any appeal

of this decision will be directly to the Tenth Circuit Court of Appeals.

## I.     General Legal Standards and Standard of Review

A claimant for disability benefits bears the burden of proving a disability.  20 C.F.R. §

416.912(a).  A person under the age of 18 is considered "disabled" under the Social Security Act

if that individual has "a medically determinable physical or mental impairment or combination of

impairments that causes marked and severe functional limitations, and that can be expected to

cause death or that has lasted or can be expected to last for a continuous period of not less than 12

months."  20 C.F.R. § 416.906.  A physical or mental impairment is an impairment "that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

Social Security regulations implement an abbreviated, three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See* 20 C.F.R. § 416.924. At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child will be found disabled if the child has "impairment(s) that meets, medically equals, or functionally equals the listings" and that satisfy the 12-month duration requirement. 20 C.F.R. §§ 416.924(a).

Whether a child's impairment "meets or medically equals" the listings and whether a child's impairment "functionally equals" the listings are separate inquiries under the step-three analysis. *See* 20 C.F.R. §§ 416.926 (explaining "medical equivalence" analysis); 416.926a (explaining "functional equivalence" analysis). In evaluating "medical equivalence," an impairment(s) is "at least medically equivalent to a listed impairment in appendix 1 of subpart P of part 404 of this chapter if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). In both child and adult cases, medical equivalence can be found in three ways:

> (1)(i) If you have an impairment that is described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, but—
> (A) You do not exhibit one or more of the findings specified in the particular listing, or
> (B) You exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing,
> (ii) We will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.
> (2) If you have an impairment(s) that is not described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairment(s) are at least of equal medical significance to those of

a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

(3) If you have a combination of impairments, no one of which meets a listing described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter (see § 416.925(c)(3)), we will compare your findings with those for closely analogous listed impairments.  If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing.

20 C.F.R. § 416.926(b).

In evaluating functional equivalence, the ALJ must evaluate all relevant factors, including (1) how well the child can initiate and sustain activities, how much extra help he needs, and the effects of structured or supportive settings; (2) how the child functions in school; and (3) the effects of the child's medications or other treatment.  20 C.F.R. § 416.926a(a)(1)-(3).  The ALJ also must consider how the child functions in all his activities "in terms of six domains": "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi).  A child's impairment functionally equals a listing if the child has "marked" limitations in two of the six functioning domains or an "extreme" limitation in one domain.   20 C.F.R. § 416.926a(d).   *See* 20 C.F.R. § 416.926a(e) (defining "marked" and "extreme" limitations).

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See id.*  The Court's review is based on the record, and the Court must "meticulously examine the record as a whole, including

anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.    Procedural History and the ALJ's Decision

Plaintiff, Claimant's grandmother, applied for Title XVI supplemental security income benefits on behalf of Claimant on August 6, 2015, alleging Claimant became disabled on September 3, 2014. R. 149-155. Plaintiff alleged Claimant was disabled due to depression. R. 171. Plaintiff's claim for benefits was denied initially on October 27, 2015, and on reconsideration on January 7, 2016. R. 56-63, 73-76, 64-72, 82-85. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted the hearing on October 17, 2017. R. 31-52. The ALJ issued a decision on January 26, 2018, denying benefits and finding Claimant not disabled at step three, because her impairments did not meet, medically equal, or functionally equal a listing. R. 10-30. The Appeals Council denied review, and Plaintiff appealed. R. 1-5; ECF No. 2.

At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since the application date of July 16, 2015.[1] R. 16. At step two, the ALJ found that Claimant had the severe impairments of major depressive disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"). *Id.* At step three, the ALJ found that Claimant had no impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of a

---

[1] The ALJ states the application date is July 16, 2015, but the application contained in the record is dated August 6, 2015. R. 149-155. The July 16, 2015 date could be a protected filing date, but the record does not reflect that information.

4

listed impairment.  R. 16-27.  In particular, the ALJ considered listings 112.04 (Depressive, bipolar, and related disorders), 112.06 (Anxiety and obsessive compulsive disorders), and 112.15 (trauma and stressor-related disorders) but concluded the evidence of record failed to establish any of the requirements to meet, medically, or functionally equal any listing.  *Id.*  Accordingly, the ALJ concluded that Claimant was not disabled.

## III.   Issues

Plaintiff raises three points of error in her challenge to the denial of benefits on Claimant's behalf: (1) the ALJ's step-three conclusion that Claimant's impairments did not meet or medically equal a listed impairment is not sufficiently specific and not based on substantial evidence; (2) the ALJ erred in his "functional equivalence" analysis at step three; and (3) the decision was rendered by an ALJ whose appointment was invalid at the time he rendered his decision.  ECF No. 18.  For the reasons explained below, the Court reverses the decision based on the first allegation of error and does not reach the other two alleged errors.[2]

## IV.   Analysis

### A.   ALJ Failed to Properly Analyze Whether Claimant Met or Medically Equaled a Listing

Plaintiff argues the ALJ erred by failing to properly consider whether Claimant's impairments met or medically equaled a listed impairment as part of his step-three analysis.  Plaintiff contends the ALJ's findings are mere "boilerplate" and constitute a bare conclusion lacking the required legal analysis.  ECF No. 18 at 7.

---

[2] In previous decisions, the Court has declined to address the Appointments Clause issue as a threshold issue.  Instead, the Court has found that "it serves the interests of justice and efficiency to reach the Appointments Clause issue only if there are no other grounds for reversal."  *Daryn Lee W. v. Saul*, No. 18-CV-401-JFJ, 2019 WL 4751551, at *2 (N.D. Okla. Sept. 30, 2019).  In this case, there is an alternative ground for reversal, and the Court remands on that basis.  Any Appointments Clause deficiency will necessarily be cured on remand.

In a child disability case, the ALJ has a duty to examine the record to determine, "with appropriate reasoning," whether a child's impairment "meets, medically, or functionally equals a listing." *Bledsoe ex rel. J.D.B. v. Colvin*, 544 F. App'x 823, 826 (10th Cir. 2013). Correspondingly, a conclusory statement that a child's impairments do not meet or medically equal a mental impairment listing fails to fulfill the ALJ's duty to "'make a specific finding as to the degree of limitation in each of the functional areas' used to determine whether a mental impairment meets a listing." *Smith ex rel E.S.D. v. Barnhart*, 157 F. App'x 57, 65 (10th Cir. 2005) (quoting 20 C.F.R. § 416.920a(e)). Such conclusory treatment of the "meet or medically equal" analysis amounts to a "bare conclusion [that] is beyond meaningful judicial review." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). *See Huffman v. Astrue*, 290 F. App'x 87, 89 (10th Cir. 2008) (in reversing child case pursuant to *Clifton*, finding, "'in the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that B.H.'s impairments did not meet or equal any listed impairment.'") (quoting *Clifton*, 79 F.3d at 1009) (alterations omitted). *See also Corley o/b/o C.M.C. v. Comm'r, SSA*, 752 F. App'x 635, 642 (10th Cir. 2018) (noting that "generalized, conclusory treatment" in considering whether child claimant met or medically equaled listing criteria "is inadequate under our decision in *Clifton*, which required the ALJ 'to discuss the evidence and explain why he found'" child claimant did not meet or equal any considered listing).

The Court concludes that the ALJ's analysis of whether Claimant met or medically equaled a listing is deficient and requires remand. The ALJ's findings in this regard consist of the following:

> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

The Code of Federal Regulations specifically describes the purpose of the "listings of impairments." If an individual suffers from impairment with all of the symptoms, test results, and conditions or consequences as described in a particular listing, he or she will be considered disabled on medical grounds regardless of previous work experience, age or education. The undersigned has carefully compared the claimant's signs, symptoms, and laboratory findings with the criteria specified in all of the Listings of Impairments. The undersigned finds no evidence that the claimant has an impairment or combination of impairments that meets or medically equals any listed impairments.

The ALJ has carefully compared the claimant's signs, symptoms, and laboratory findings with the criteria specifically in all of the Listings of Impairments. The ALJ has placed specific emphasis upon **Listings 112.04**, *Depressive, bipolar and related disorder;* **Listing 112.06**, *Anxiety and obsessive compulsive disorders;* **Listing 112.15**, *Trauma and stressor-related disorder (Mental Disorders).* Based upon this analysis, the ALJ finds that the claimant's impairments do not meet or equal the criteria established for an impairment shown in the Listings of Impairments in Appendix 1, Subpart P, and Regulations No. 4.

These conclusions are supported by the discussion of the evidence as set out in this opinion. As the evidence demonstrates, none of the claimant's alleged impairments meet the exact requirements of any specific listings.

R. 16-17 (emphasis in original). Although the ALJ then proceeded to consider whether Claimant's impairments functionally equaled the stated mental listings, he failed to explain why he found Plaintiff's impairments did not meet or medically equal those listings. Most glaringly, the ALJ failed to address the four areas of mental functioning known as the "paragraph B" criteria, which are incorporated into each of the relevant mental listings. *See* 20 C.F.R. Pt. 404 Subpt. P, App'x 1, Pt. B2, § 112.00(A)(2)(b) (explaining four areas of "paragraph B" mental functioning and ALJ's duty to determine "the degree to which your medically determinable mental impairment affects the four areas of mental functioning and your ability to function age-appropriately in a manner comparable to that of other children your age who do not have impairments"). The ALJ's statement here amounts to a "bare conclusion" that this Court cannot meaningfully review, which constitutes reversible error. *Clifton*, 79 F.3d at 1009. For this reason, the Court cannot simply

"take the ALJ at his word" that he properly considered the requirements of Listings 112.04, 112.06, and 112.15, as the Commissioner urges.  ECF No. 20 at 3.

### B.      Error Was Not Harmless and Requires Remand

The Commissioner further argues that any deficiency in the ALJ's conclusion that Claimant's impairments did not meet or medically equal a listing is harmless, because the ALJ went on to discuss in detail whether Claimant's impairments were *functionally equivalent* to a listing by addressing the six domains of functional equivalence.  The Court rejects this argument. The Tenth Circuit has clearly indicated in its unpublished decisions that the categories for determining whether a mental listing is met or equaled, while similar, are "completely delinked" from the six functional equivalence domains.  *Huffman*, 290 F. App'x at 89; *Smith*, 157 F. App'x at 65 (both quoting 65 Fed. Reg. 54746, 54755 (Sept. 11, 2000)).  Accordingly, "the discussion of the functional equivalence domains does not serve as a substitute for the requisite analysis of the . . . functional areas" contained in the listing.  *Smith*, 157 F. App'x at 65.  *See Huffman*, 290 F. App'x at 89 (disagreeing that ALJ's lack of specific findings concerning whether child claimant's impairments met a listed impairment was "saved" by ALJ's detailed discussion of six functional equivalence domains).

District courts within this circuit generally follow *Huffman's* and *Smith's* guidance on this issue, and this Court also finds their reasoning persuasive.  *See, e.g., N.M. by and through Melrose v. Berryhill*, No. CIV-17-1073-BMJ, 2018 WL 3579481, at *3 (W.D. Okla. July 24, 2018) (reversing where ALJ insufficiently analyzed whether child claimant met or medically equaled mental listing, concluding that "the ALJ's subsequent analysis of functional equivalency cannot serve as the primary support for a finding that a child claimant does not meet or medically equal a Listing") (collecting cases); *Vigil o/b/o V.D.V. v. Berryhill*, No. 1:17-cv-00316-KMT, 2018 WL 1182404, at *4 (D. Colo. Mar. 7, 2018) ("Although there is some overlap between the medical and

8

functional equivalence inquiries, they are not entirely coextensive.") (citing cases). *But see Johnson ex rel. J.K.J. v. Colvin*, No. 12-CV-77-FHM, 2013 WL 3216064, at *4-5 (N.D. Okla. June 24, 2013) (concluding that ALJ's failure to analyze mental impairment listing criteria constituted harmless error, where analysis of functional equivalence domains was sufficiently detailed and supported, such that court was "confident" a more thorough discussion of evidence in light of specific listing criteria would not have changed outcome of the case).[3]

The Court finds the ALJ's functional equivalency discussion, while lengthy and detailed, cannot serve as the primary support for the "bare conclusion" that Claimant did not meet or medically equal the criteria of Listing 112.04, 112.06, or 112.15. *See* R. 16. Reversal is required. *See Clifton*, 79 F.3d at 1009.

## V.      Conclusion

For the foregoing reasons, the ALJ's decision finding Claimant not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order. On remand, the ALJ should discuss his specific findings and his reasons for accepting or rejecting evidence at step three.

**SO ORDERED** this 5th day of June, 2020.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] The Commissioner relies heavily on *Johnson* in support of his harmless error argument. *See* ECF No. 20 at 4. However, the Commissioner fails to acknowledge the weight of contrary authority, including *Huffman* and *Smith*, which this Court finds persuasive and directly on point. *See Melrose*, 2018 WL 3579481, at *3 n.4 (explaining why *Johnson* is not persuasive).